JOHN W. BOWNE *against* JAMES O'BRIEN, SHERIFF, &c.

*Quœre*, whether the act of 1871 (L. 1871, c. 733, § 2) requiring actions against sheriffs to be brought within one year from the time when the cause of action accrued, is prospective or retrospective.

An action against a sheriff by a purchaser, on an execution sale which was afterwards set aside for irregularity, to recover back the money paid, is an action for the non-payment of money collected upon an execution, within the act of 1871 (2 L. 1871, c. 733, § 2), excepting such actions from the operation of that statute requiring actions against sheriffs to be brought within one year from the time the cause of action accrued.

In such an action the sheriff cannot be allowed to retain the expenses of the sale.

APPEAL by defendant, from a judgment. The facts fully appear in the opinion.

*A. Oakey Hall*, for appellant.

*H. Brewster*, for respondent.

DALY, Chief Justice.—I do not deem it material to pass upon the question whether the statute of 1871, requiring actions against a sheriff to be brought within one year, is prospective and not retrospective (2 L. 1871, c. 733, § 2, p. 1694), as

Bowne v. O'Brien.

I am of the opinion that this case comes within the exception provided for by the statute. The statute declares that the limitation imposed shall not include the non-payment of money collected by a sheriff upon an execution. The sheriff, under an execution, sold certain real estate to the plaintiff, for $1,300, and the plaintiff, upon the sale, paid into the sheriff's hands $620. The plaintiff afterwards refused to complete the purchase, upon the ground that the sale was irregular ; upon which the sheriff sold the property again, and it was bought by Mr. McAdam for the same amount. The first sale was afterwards set aside by this court as irregular, and sheriff, having failed to pay the money back to the plaintiff, this action is brought to recover it. No reason is given upon the defendant's points, why this was not upon the sheriff's part, " the non-payment of money collected upon an execution," and I apprehend none can be given. It was certainly collected by the sheriff upon an execution levied upon property which the sheriff sold to satisfy the execution. If the sale had been regular, it would have been payable to the plaintiff on the execution; but proving to be irregular, it was payable to the purchaser from whom it was received. The failure to pay it in either case, is the non-payment of money collected upon execution.

Nor is any reason given why the sheriff should be allowed to deduct from the amount the expenses of the sale. The plaintiff has nothing to do with the expenses of the sale. All that he undertook was to pay the purchase money, upon the assumption that the sale was valid and would convey a good title to the property. It did not; the sale was irregular and has been set aside. The expense of it must be borne by those who directed it, and not by the plaintiff. He is entitled to have his money back, and has nothing to do with the irregular proceeding, and is not answerable for the cost of it. The judgment should be affirmed.

LOEW and J. F. DALY, JJ., concurred.

Judgment affirmed.